## JOHN R. BRYANT v. CHARLES BARNES.

Springfield Court of Appeals, June 26, 1923.

**LANDLORD AND TENANT:** In Action on Assigned Lease, Evidence of Partnership of Alleged Assignees Held Inadmissible. In action for rent due on lease of landing place for ferryboat on the theory that the lease had been assigned to and assumed by defendants, evidence that a ferry license had been issued to defendants and the original lessee was inadmissible; the action not being one to hold defendants as partners.

Appeal from the Circuit Court of Mississippi County.— *Hon. Frank Kelly,* Judge.

AFFIRMED,

*Russell & Joslyn* and *James A. Boone* for appellants.

*J. M. Haw* for respondents.

.FARRINGTON, J.—The plaintiff brought this action to recover from Charles .Barnes and Charles Brodie the. balance alleged to be due under a contract of lease made by the plaintiffs to one M. L. Barnes. The subject of the lease was a landing place on the Missouri side of the Mississippi River opposite Hickman, Kentucky. It is alleged that a month after the lease was made, its duration being twelve months, the defendants bought the contract to land the ferry boat from M. L. Barnes together with the purchase of the boat, and continued to operate the boat and landing place without paying anything to plaintiff. Judgment is asked for $825, which is the amount that would be due for eleven months under the lease.

The petition which we have described was an amended petition, the original seeking in one count to recover on the theory of an assigned lease, and the other count on the theory of money due for the reasonable use of plaintiff's land as a landing place for the boat. However, when plaintiff amended the petition it abandoned the count for the reasonable value and seeks a recovery on the charge that defendants had purchased the lease or contract from M. L. Barnes and were operating under it.

The court properly excluded the lease between plaintiffs and M. L. Barnes, because M. L. Barnes is not a party to this suit and it would only become competent after showing that defendant purchased and assumed it. On this question the plaintiff put M. L. Barnes on the witness stand, and he testified that he did not sell the defendants the contract of lease when he sold them the boat. The only other evidences offered which was rejected was that a ferry license was issued to these two defendants and M. L. Barnes.

This is not a suit brought to hold these two defendants as partners of M. L. Barnes but by the petition is limited strictly to liability based on the purchase, and assumption of the lease made to M. L. Barnes. The evidence wholly fails to make out such a case, and the trial court acted properly in directing a verdict for the defendants. *Cox, P. J.,* and *Bradley, J.,* concur.